**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KULWANT SINGH, a.k.a. Kulwant Singh Kahlon, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-71545 <br><br> Agency No. A071-484-784 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012 [**]

Before: SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Kulwant Singh, a native and citizen of India, petitions pro se for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Molina-Morales v. INS*, 237 F.3d 1048, 1050 (9th Cir. 2001), and we deny the petition for review.

Singh claims he will be persecuted in India by his politically-connected brother. Even if Singh's asylum application was timely, substantial evidence supports the agency's finding that Singh failed to establish a nexus to a protected ground. *See id*. at 1051-52 (evidence indicated harm was based on a personal matter not a protected ground); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he REAL ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Accordingly, Singh's asylum and withholding of removal claims fail. *See Molina-Morales*, 237 F.3d at 1052.

Substantial evidence also supports the agency's denial of CAT relief because Singh failed to establish it is more likely than not that he would be tortured by or with the acquiescence of the government if returned to India. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**